# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ORHAN REDZEPAGIC,

        Plaintiff(s),

v.

CSAA GENERAL INSURANCE COMPANY, et al.,

        Defendant(s).

2:14-CV-929 JCM (PAL)

## ORDER

Presently before the court is defendant CSAA General Insurance Company's ("AAA") motion to dismiss. (Doc. # 5).[1] Plaintiff Orhan Redzepagic filed a response (doc. # 16), to which AAA replied (doc. # 18).

**I.    Background**

This action arises from an automobile accident that occurred on January 9, 2014, which resulted in a total loss of plaintiff's 1999 Lexis LS 400 within the meaning of NRS 487.790. (Doc. # 1-1 at 11). Plaintiff was insured under AAA's automobile policy ("the policy"). (Doc. # 1-1 at 11). The company that conducted the valuation analysis of plaintiff's vehicle, Mitchell International, calculated a market value of $6,033.89. (Doc. # 1-1 at 31). AAA added $488.75 for tax and $33.00 for title fees, subtracted $500.00 for the deductible, and sent plaintiff an offer of $6,055.64 to settle

---

[1] Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request for judicial notice unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

1  his total loss claim, which plaintiff accepted and received. (Doc. # 1-1 at 13-14).

2        Plaintiff alleges that the policy obligated AAA to pay the "actual cash value" of his vehicle. (Doc. # 16 at 5). Plaintiff alleges that he was not adequately compensated because AAA made several adjustments to the actual cash value of his vehicle in computing the settlement value. (Doc. # 16 at 5). On May 6, 2014, plaintiff filed the instant action in Nevada state court, alleging six claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Nevada's deceptive trade practices act; (4) unfair claims practices; (5) unjust enrichment and constructive trust; and (6) fraudulent concealment. (Doc. # 1-1).

9        On June 11, 2014, AAA advised plaintiff that it had invoked its right to appraisal under the policy. (Doc. # 5 at 7). AAA then removed the action to this court on June 12, 2014. (Doc. # 1). In the instant motion, AAA seeks dismissal, arguing that plaintiff's claim is contractually barred under the policy's appraisal and "legal action against us" provisions. (Doc. # 5 at 8-9).

**II.  Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

1    Second, the court must consider whether the factual allegations in the complaint allege a
2 plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
3 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
4 alleged misconduct. *Id.* at 678.

5    Where the complaint does not permit the court to infer more than the mere possibility of
6 misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*
7 (internal quotations omitted). When the allegations in a complaint have not crossed the line from
8 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

9    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
10 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
11 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
12 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
13 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
14 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
15 be subjected to the expense of discovery and continued litigation." *Id.*

16 **III.    Discussion**

17    AAA argues that plaintiff's failure to comply with the policy's appraisal provision bars the
18 instant action pursuant to the policy's "legal actions against us" provision. (Doc. # 5 at 9). In
19 response, plaintiff contends that the dispute is over what the term "actual cash value" means under
20 the policy and that the policy does not confer the right to decide this issue on an appraiser. (Doc. #
21 16 at 10). Plaintiff then asserts that AAA used an improper valuation method, violating NAC
22 686A.680. (Doc. # 16 at 7-8). He argues that AAA's actions constitute a material breach, which
23 thereby excuses him from compliance with the appraisal provision. (Doc. # 16 at 11-12).

24    The court disagrees. Despite plaintiff's attempts to characterize his suit as setting forth issues
25 of statutory interpretation, the issue is whether the policy's appraisal provision applies to the instant
26 dispute.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

"When facts are not in dispute," such as in this case, "contract interpretation is a question of law." *Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 184 P.3d 390, 392 (Nev. 2008). "An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev. 1988). A court "should not rewrite contract provisions that are otherwise unambiguous." *Id.*; *Ellison v. California State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990) ("[C]ontracts will be construed from the written language and enforced as written."). "Policy terms should be viewed in their plain, ordinary and popular connotations." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

Here, the policy terms are clear and unambiguous. The policy contains an appraisal provision that allows either the insurer or the insured to demand an appraisal of the loss and prescribes the process for appraisal. (*See* doc. # 5 at 9). The policy also contains a "legal action against us" provision that states in relevant part: "We may not be sued unless there is full compliance with all the terms of this policy . . . ." (*See* doc. # 5 at 9). The policy makes no exceptions as to the source of the dispute and applies so long as the parties cannot agree on the amount of loss. (*See* doc. 5 at 6). Plaintiff does not dispute that on June 11, 2014, AAA invoked the appraisal provision.

In *Enger v. Allstate Ins. Co.*, No. 09-17785, 2010 WL 5423566, at *1 (9th Cir. Dec. 28, 2010), the Ninth Circuit interpreted an insurance policy containing an appraisal clause substantially similar to the policy in the present case. The court of appeals held that "because 'full compliance with the policy terms' is a contractual prerequisite to bringing suit, [the insured] first must submit to the appraisal." *Id*. The court reasoned that "[u]ntil an appraisal is completed, it is impossible to know whether [the insured's] claim in fact was undervalued, such that her claims for breach of contract, breach of the covenant of good faith and fair dealing, and [violation of the state's unfair competition code] are viable." *Id*. The court of appeals further explained that "[b]y the plain language of the insurance policy, it is immaterial that [the insured] believes the cause of the disagreement concerning the actual cash value is [the insurer's] alleged use of an improper valuation method." *Id*.

. . .

James C. Mahan
U.S. District Judge

- 4 -

Accordingly, the court finds that plaintiff must first submit to the appraisal to determine the actual cash value of his loss before plaintiff's claims are viable. Thus, the court will grant AAA's motion to dismiss.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant AAA's motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1-1) is DISMISSED without prejudice consistent with the foregoing.

DATED August 18, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -